IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY K. LANDRUM, FOR HIMSELF AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:14-cv-00848 |
| EAST TEXAS MEDICAL CENTER REGIONAL HEALTHCARE SYSTEM, | § § § § | |
| Defendant. | § | |

**DEFENDANT EAST TEXAS MEDICAL CENTER REGIONAL HEALTHCARE SYSTEM'S RESPONSE TO PLAINTIFF'S SURREPLY TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant East Texas Medical Center Regional Healthcare System ("ETMC RHS") and files its Response to Plaintiff's Surreply to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, respectfully showing the Court as follows:

## I.   ARGUMENTS AND AUTHORITIES

**A.    *PAYNE* IS DISTINGUISHABLE AND DOES NOT ALTER THE RESULT THAT ETMC RHS' OFFER OF JUDGMENT PROVIDES COMPLETE RELIEF AND MOOTS LANDRUM'S CLAIMS.**

Contrary to arguments made by Plaintiff Jeffrey K. Landrum ("Landrum") in Plaintiff's Surreply, *Payne v. Progressive Fin. Servs.* does not provide support for his contention that ETMC RHS' Offer of Judgment to Landrum for $12,200 does not provide full relief on his claims for statutory and punitive damages under the Fair Credit Reporting Act ("FCRA"). See Plaintiff's Surreply, pp. 1-4. In *Payne*, the plaintiff alleged claims against Progressive Financial Services, Inc. ("Progressive") for violations of the federal Fair Debt Collection Practices Act ("FDCPA") and similar Texas statutes. *Payne*, 748 F.3d 605, 606 (5th Cir. 2014). As damages

on her FDCPA claims, the plaintiff's complaint requested actual damages; statutory damages in the maximum amount of $1,000 recoverable under the FDCPA; attorneys' fees; and costs. *Id.* Progressive made an offer of judgment on her FDCPA claims of $1,001 for damages, plus attorneys' fees and costs. *Id*. The defendant did not include any amount in the offer for actual damages. *Id.* at 607-08.

Progressive moved for dismissal of the plaintiff's FDCPA claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and Rule 12(b)(1) for lack of subject matter jurisdiction. *Id.* at 607. The district court denied the defendant's 12(b)(6) motion challenging the sufficiency of the plaintiff's pleadings in her complaint because the defendant failed to timely assert the defense. However, the court granted Progressive's motion to dismiss for lack of subject matter jurisdiction on the grounds that (a) the plaintiff was not entitled to recover actual damages under the FDCPA because she had failed to plead sufficient facts in her complaint to support a claim for actual damages and (b) the offer of judgment for $1,001, plus attorneys' fees and costs, equaled or exceeded the amount that the plaintiff was entitled to recover on her FDCPA claims and mooted her FDCPA claims. *Id.*

The Fifth Circuit Court of Appeals concluded that Progressive's offer of judgment on the plaintiff's FDCPA claims was incomplete and reversed the district court's dismissal of these claims. *Id.* at 607-09. As the basis for its decision, the Fifth Circuit explained that even though the plaintiff pled for actual damages in her complaint, which are recoverable under the FDCPA in addition to statutory damages, Progressive did not include any compensation for actual damages in its offer, and therefore the offer of judgment did not offer to meet the plaintiff's full demand for relief. *Id.* The Court further found that the offer of judgment did not moot the plaintiff's FDCPA claims inasmuch as the offer left a live controversy for the court to resolve and the plaintiff maintained a personal stake in the outcome of the action. *Id.* at 607-08.

In Plaintiff's Surreply, Landrum claims that the "Fifth Circuit held that in responding to a Rule 12(b)(1) motion challenging a district court's jurisdiction, a plaintiff is not required to produce evidence in order to quantify statutory damages sought, and that it is sufficient only to plead and seek the damages that a statute allows (i.e., actual damages or punitive damages)" and that the Court also stated that "it was sufficient for Payne [the plaintiff] to seek actual damages in her complaint without having to supply evidence to support those damages." See Plaintiff's Surreply, pp. 2-3. The Fifth Circuit did not make this alleged ruling or statement. *See Payne*, 748 F.3d at 605-09.

Rather, the Court confirmed the general principle of mootness that an incomplete offer of judgment (i.e., one that does not offer to meet a plaintiff's full demand for relief) does not moot the plaintiff's claim. *Id.* at 607. And since Progressive made no offer on the plaintiff's claim for actual damages, it was not possible for the Court to address whether the plaintiff established that the specific amount offered did not compensate her fully for actual damages. *See id.* at 607-09; *see also Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981) (plaintiff has burden of proving subject matter jurisdiction by preponderance of evidence).

The *Payne* case does not change the outcome in this case: Landrum's FCRA claims are moot because EMTC RHS' Offer of Judgment of $12,200 provides complete relief to Landrum on his claims for statutory and punitive damages. First, unlike the defendant in *Payne*, ETMC RHS has not moved for the dismissal of Landrum's claims for lack of subject matter jurisdiction on the ground that he failed to plead sufficient facts in Plaintiff's Original Class Action Complaint ("Plaintiff's Complaint") to state a claim under the FCRA. ETMC RHS has not asserted that any alleged failure to sufficiently state a claim or other pleading deficiency in Plaintiff's Complaint is a reason why the amount of the Offer of Judgment provides full relief to Landrum.

Furthermore, ETMC RHS made a complete Offer of Judgment.  Although ETMC RHS maintains that Landrum cannot prevail on his claims against ETMC RHS for willful violations of the FCRA, ETMC RHS nevertheless extended an Offer of Judgment to Landrum encompassing all categories of damages requested.  In Plaintiff's Complaint, Landrum has pled that he sustained statutory and punitive damages and seeks recovery of these elements of damages under the FCRA.  See Defendant's App., Ex. 1, Complaint, pp. 16-19.  Even though ETMC RHS disputes Landrum's claims, its Offer of Judgment for $12,200 includes amounts for statutory and punitive damages and provides complete relief on his claims.  Accordingly, Landrum's claims are moot.

**B.     THE SPECULATIVE POSSIBILITY OF RECOVERING MORE AT TRIAL DOES NOT PREVENT AN OFFER OF JUDGMENT FROM MOOTING A CLAIM.**

As discussed in Defendant's Reply, in *Silva v. Tegrity Pers. Servs.*, this Court rejected the plaintiffs' conclusory argument, which was similar to Landrum's in this case, that their claims for violations of the Fair Labor Standards Act ("FLSA") were not mooted by the defendant's offers of judgment because the plaintiffs might recover more at trial than the amount of the offers.  See Defendant's Reply, p. 4; Defendant's App., Ex. 8, *Silva*, 2013 Lexis 171465, \*\*33-35 (S.D. Tex., December 5, 2013) (Ellison, J.).  In Plaintiff's Surreply, Landrum contends that the facts of *Silva* are distinguishable from Landrum's case because he seeks types of damages (i.e., statutory and punitive damages) that are specifically enumerated in the FCRA statute whereas Paula Silva ("Silva") sought an incentive award for serving as class representative to which she was not statutorily entitled under the FLSA.  See Plaintiff's Surreply, p. 4 n.3.  However, as the Court's Memorandum and Order indicates, the argument in *Silva* was made by the "plaintiffs," including the opt-in plaintiffs who only sought damages under the FLSA.  See Defendant's App., Ex. 8, *Silva*, 2013 Lexis 171465, \*\*3-4, 33-36.

To clarify Landrum's description of the reason why this Court denied the defendant's motion to dismiss for lack of subject matter jurisdiction in *Silva* and Landrum's reference to *Higueros v. New York State Catholic Health Plan, Inc.* cited in *Silva*, this Court concluded that the defendant's offer of judgment to Silva was incomplete because the offer was limited to her FLSA wage claim and did not include any damages on her retaliation claim.  See Defendant's App., Ex. 8, S*ilva*, 2013 Lexis 171465, **36-38.  The circumstances in *Higueros* were similar to those in *Silva*.  *See Higueros*, 526 F. Supp. 2d 342, 344, 349 (E.D. N.Y. 2007) (defendant made offer on plaintiff's claims for lost overtime wages but not on retaliation claims; since state law retaliation claim remained pending and was not included in offer, plaintiff's claims were not moot).

**C.**     *MURRAY* **CONFIRMED THE GENERAL RULE OF MOOTNESS AND THAT RELATION-BACK PRINCIPLES APPLY THE SAME TO CLASS ACTIONS AND COLLECTIVE ACTIONS.**

Landrum contends that ETMC RHS' references to *Murray v. Fidelity Nat. Fin. Inc.* are misplaced because the factual circumstances in *Murray* are different from the facts in Landrum's case.  However, ETMC RHS cited *Murray* for reasons unrelated to the specific facts of the case. See Defendant's Motion to Dismiss, pp. 11, 16; Defendant's Reply, p. 9.  First, in *Murray*, the Fifth Circuit reconfirmed the general rule that a purported class action becomes moot when the plaintiff's claims are satisfied by an offer of judgment and no class has been certified.  *Murray,* 594 F.3d 419, 421 (5th Cir. 2010).  Second, prior to *Genesis Healthcare v. Symczyk*, the Fifth Circuit extended the relation-back doctrine developed in *Sandoz v. Cingular Wireless LLC*, a collective action brought under the FLSA, to class actions.  *See Murray,* 594 F.3d at 422.

The Fifth Circuit further explained in *Murray* that the "differences between class actions and FLSA § 216(b) collective actions do not compel a different result regarding whether a certification motion can 'relate back' to the filing of the complaint [because] . . . the policies behind applying the 'relation back' principle for Rule 23 actions apply with equal force to FLSA § 216(b) collective

actions." *Id.* at 422 n.2.   Although the relation-back doctrine developed in *Sandoz* has been

abrogated by *Genesis Healthcare*, the Fifth Circuit reiterated in *Murray* their statements in *Sandoz*

that the same fundamental principles apply in FLSA collective actions and Rule 23 class actions to

determine mootness.  *See Sandoz*, 553 F.3d 913, 920-21 (5th Cir. 2008).

**D.**      **CONTRARY TO LANDRUM'S STATEMENT, THE MATTER THAT THE SUPREME COURT DID NOT ADDRESS IN *GENESIS HEALTHCARE* WAS WHETHER THE PLAINTIFF'S CLAIM WAS MOOT.**

In discussing his position regarding the effect of the Supreme Court's decision in *Genesis*

*Healthcare* on the viability of the relation-back doctrine in class action cases, Landrum states in

Plaintiff's Surreply that "[a]lthough the *Symczyk* Court acknowledged a circuit split over the

*question at hand*, it expressly stated that it '[did] not reach this question or resolve the split." See

Plaintiff's Surreply, p. 7 (emphasis added).   Landrum's statement is inaccurate.

Rather, the Supreme Court explained in *Genesis Healthcare* that its decision did not resolve

the matter of whether a plaintiff's refusal to accept a Rule 68 offer of judgment for complete relief

prevents his individual claim from being moot.  *Genesis Healthcare v. Symczyk*, 133 S. Ct. 1523,

1528-29 (2013).   The Court stated as follows: "While the Courts of Appeals disagree *whether an*

*unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot*, we do

not reach this question, or resolve this split [among the Circuit Courts of Appeals], because the issue

is not properly before us."  *Id.*  (emphasis added).

*Genesis Healthcare* provided no resolution to this split because the plaintiff failed to bring a

cross-petition challenging the Third Circuit Court of Appeals' determination that the defendant's

offer of judgment to which the plaintiff made no response mooted her individual claim.  *Id.* at 1529.

The plaintiff had also conceded in the district court and before the Third Circuit that an offer of

complete relief will generally moot a plaintiff's claim.  *Id.*  *Genesis Healthcare* presented no

opportunity for the Court to address whether an unaccepted offer of judgment moots a case, and the

Court therefore "assume[d], without deciding, that petitioners' Rule 68 offer mooted respondent's individual claim." *Id.* at 1528-29.  However, in the Fifth Circuit, precedent holds that an offer of judgment that satisfies a plaintiff's claim generally moots the claim even if the offer is rejected. *See Sandoz*, 553 F.3d at 921 & n.5; Defendant's App., Ex. 7, *Masters v. Wells Fargo Bank S. Cent., N.A.*, 2013 Lexis 101171, at *4 (W.D. Tex., July 11, 2013).

**E.       THE STRATEGIC USE OF AN OFFER OF JUDGMENT IS NOT A BASIS FOR APPLYING THE RELATION-BACK DOCTRINE AND DOES NOT SAVE CLASS CLAIMS FROM MOOTNESS.**

As the plaintiff did in *Genesis Healthcare*, Landrum mischaracterizes ETMC RHS' Offer of Judgment as an attempt to "pick off" Landrum in order to prevent class action litigation in this case. See Plaintiff's Surreply, pp. 5-6.  However, Landrum's argument does not save the alleged class claims from mootness and dismissal.

There is no evidence substantiating Landrum's allegation.  ETMC RHS' issuance of the Offer of Judgment was proper, as Federal Rule of Civil Procedure 68 expressly authorizes this procedure. *See Fed. R. Civ. P. 68.*  ETMC RHS made its Offer of Judgment to Landrum in an effort to resolve Landrum's claims and avoid protracted litigation with him, which are important considerations to ETMC RHS given its status as a not-for-profit corporation.  The Offer of Judgment comports with the dual purposes of Rule 68 to "encourage settlement and avoid litigation." *See Marek v. Chesny*, 105 S. Ct. 3013, 3014 (1985).

Furthermore, when presented with a similar allegation in *Genesis Healthcare* regarding the strategic use of offers of judgment to "pick off" named plaintiffs to evade class litigation, the Supreme Court rejected this argument as a basis for the application of the relation-back doctrine. *Genesis Healthcare*, 133 S. Ct. at 1531-32.  The Court explained that its prior observation in *Deposit Guaranty Nat'l Bank v. Roper* that allowing defendants to "pick off" party plaintiffs may frustrate the purpose of class actions is dicta. *Genesis Healthcare*, 133 S. Ct. at 1532; *Roper*,

100 S. Ct. 1166, 1174 (1980).

The Court also eliminated the strategic use of offers of judgment as a justification for relation-back because "[w]hile settlement [of a named plaintiff's claim] may have the collateral effect of foreclosing unjoined claimants from having their rights vindicated in [the plaintiff's] suit, such putative [class] plaintiffs remain free to vindicate their rights in their own suits" and "are no less able to have their claims settled or adjudicated following [the plaintiff's] suit than if [the plaintiff's] suit had never been filed at all." *Genesis Healthcare*, 133 S. Ct. at 1531. Thus, even if Landrum's allegation that ETMC RHS made the Offer of Judgment to "pick off" Landrum before he filed a class certification motion was true, this is not a basis for applying the relation-back doctrine to the alleged class claims and does not save the claims from mootness.

**F.**     ***GENESIS HEALTHCARE* CONTROLS: THE RELATION-BACK DOCTRINE FOR TIMELY AND DILIGENTLY PURSUED CLASS CERTIFICATION MOTIONS IS NO LONGER VIABLE.**

Landrum contends that the alleged class claims in this action are not moot because the relation-back doctrine applies as long as he timely and diligently pursues a motion for class certification, and *Genesis Healthcare* does not apply to class actions under Federal Rule of Civil Procedure 23. See Plaintiff's Surreply, pp. 8-9. Significantly, the legal authorities cited by Landrum are limited to decisions of courts in other circuits. See Plaintiff's Surreply, pp. 8-9.

However, Texas federal courts, including the Southern District of Texas, have applied *Genesis Healthcare* to Rule 23 class actions and dismissed plaintiffs' individual claims and class claims as moot. See Defendant's Motion to Dismiss, pp. 16-17. Courts have explained that the applicability of the rejection of the relation-back doctrine in *Genesis Healthcare* is not limited to FLSA actions.[1] The effect of *Genesis Healthcare* on class actions was recently addressed in

---

[1] Other federal courts have also determined that *Genesis Healthcare* is applicable to Rule 23 class actions. See Ex. 12, *Delgado v. Collecto, Inc.*, 2013 Lexis 171607, *9 (M.D. Fla., December 5, 2013) ("The Court recognizes that the Genesis decision was handed down in the context of a FLSA

*Hooks v. Landmark Indus*. as set forth below:

> Although the Court [in *Genesis Healthcare*] acknowledged that 'Rule 23 actions are fundamentally different from collective actions under the FLSA,' its discussion of the relation-back doctrine relied primarily on cases brought under Rule 23. . . .   **To the extent that *Sandoz* suggested that the relation-back doctrine might preserve a purported class action from mootness after the named plaintiff's claims become moot because he has only sought damages and no motion for class certification has been filed, such reasoning was rejected by the Supreme Court in Genesis. Although *Genesis* was an FLSA case, the Supreme Court's reasoning that the nature of damages claims do not lend themselves to application of the relation-back doctrine is equally applicable in the Rule 23 context**.

See Defendant's App., Ex. 5, *Hooks*, 2014 Lexis 89223, at **23-25 (S.D. Tex., July 1, 2014) (Lake,

J.) (emphasis added).

> The Court in *Bank v. Spark Energy Holdings LLC*, a class action, similarly stated as follows:

> **This Court observes that the Fifth Circuit, noting that *Sandoz*, . . . a FLSA collective action case, opined that it was 'nevertheless instructive' in the Rule 23 class action context: As the *Sandoz* court noted, 'the differences between class actions and FLSA § 216(b) collective actions do not compel a different result regarding whether a certification motion can 'relate back'** to the filing of the complaint [because] . . . the policies behind applying the 'relation back' principle for Rule 23 class actions apply with equal  force to FLSA § 216(b) collective actions'. . . .

> **[Bank, the plaintiff] maintains that *Genesis Healthcare***, which distinguished between Rule 23 class actions and FLSA collective actions and involved only the latter, **does not apply to a Rule 23 class action. . . . This Court questions [the plaintiff's] argument.**

See Defendant's App., Ex. 6, *Bank*, 2013 Lexis 150733, at **14-16 & n.7, 9 (S.D. Tex., October 18,

2013) (Harmon, J.).

---

collection action, rather than  a *Rule 23* putative class action.  However, the Court can see no reason to confine the Supreme Court's discussion of constitutional principals [sic] narrowly so as to encompass only FLSA cases . . . . Rather, the prudential doctrines of standing and mootness apply to all cases brought in this Article III Court with equal force. . . . [T]he Court is also obliged to respect and abide by the Constitutional restraints placed on its jurisdiction, such as the Article III case or controversy requirement."); Ex. 13, *Keim v. ADF MidAtlantic*, *LLC*, 2013 Lexis 98373, *5 n.10 (S.D. Fla., July 12, 2013) ("That *Genesis* dealt with an FLSA collective action and its corollary 'conditional' class certification . . . does not support an attempt to distinguish it materially from the facts of this case, which deals with traditional Rule 23 class certification in a TCPA case; both cases present a situation where a lone plaintiff was offered full relief before a class acquired independent legal status.").

## II.    CONCLUSION

The Court lacks subject matter jurisdiction of this action because (a) Landrum's claims are moot since ETMC RHS' Offer of Judgment provides complete relief on his claims and (b) the class claims are moot under the general rule of mootness, and the relation-back doctrine does not apply as an exception to mootness.

WHEREFORE, PREMISES CONSIDERED, ETMC RHS requests that the Court grant its Motion to Dismiss and enter an Order dismissing all claims asserted in this action.

Respectfully submitted,

By:    /s/ William O. Ashcraft
        William O. Ashcraft, Esq.
        Attorney-in-Charge
        State Bar No. 01372800
        Southern District Bar No. 11654
        ASHCRAFT LAW FIRM
        325 North St. Paul Street, Suite 3850
        Dallas, Texas 75201
        Telephone: (214) 987-0660
        Facsimile: (214) 987-3847
        Email: woa@ashcraftlawfirm.com

        ATTORNEYS FOR DEFENDANT
        EAST TEXAS MEDICAL CENTER
        REGIONAL HEALTHCARE SYSTEM

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served via the electronic case filing system upon counsel of record for Plaintiff on the 15th day of October 2014, as follows:

Salar Ali Ahmed, Esq.
ALI S. AHMED, P.C.
One Arena Place
7322 Southwest Freeway, Suite 1920
Houston, Texas 77074
E-mail: aahmedlaw@gmail.com

        /s/ William O. Ashcraft
        William O. Ashcraft