EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEFFREY K. LANDRUM, FOR HIMSELF AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> EAST TEXAS MEDICAL CENTER REGIONAL HEALTHCARE SYSTEM, <br><br> Defendant. | § § § § § § § § § § § § § § Civil Action No. 4:14-cv-00848 |

## AGREEMENT AND GENERAL RELEASE

This Agreement and General Release ("Agreement") is made and entered into by and between Plaintiff Jeffrey K. Landrum ("Landrum"), for Himself and on Behalf of All Others Similarly Situated, and Defendant East Texas Medical Center Regional Healthcare System ("ETMC RHS") to fully, finally, and forever resolve, discharge, and settle all released rights and claims to the extent set forth below, subject to the terms and conditions set forth herein.

## RECITALS

WHEREAS, on April 2, 2014, Landrum brought this putative class action lawsuit styled, *Jeffrey K. Landrum, for Himself and on Behalf of All Others Similarly Situated, v. East Texas Medical Center Regional Healthcare System*, which is currently pending in the United States District Court for the Southern District of Texas, Houston Division, as Civil Action No. 4:14-cv-00848.

WHEREAS, Landrum has asserted causes of action against ETMC RHS alleging that (a) ETMC RHS willfully failed to comply with the disclosure and authorization requirements of the Fair Credit Reporting Act ("FCRA") prior to obtaining consumer reports containing background information on Landrum, other prospective employees/applicants, and employees of ETMC RHS

for employment purposes and (b) that ETMC RHS willfully failed to comply with the adverse action notice requirements of the FCRA prior to taking adverse employment action against Landrum, other prospective employees/applicants, and employees of ETMC RHS.

WHEREAS, Landrum and ETMC RHS participated in a settlement conference conducted by Magistrate Judge George C. Hanks, Jr. on February 10, 2015 at which Landrum and ETMC RHS mediated the claims asserted in this lawsuit through arm's-length negotiations.

WHEREAS, although a settlement was not reached at the mediation, the Parties continued their negotiations, and, as a result of further arm's-length negotiations the Parties thereafter reached a settlement on a class basis, subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23.

WHEREAS the Parties executed a Mediation Settlement Term Sheet that Landrum and his counsel signed on February 19, 2015, and that ETMC RHS and its counsel signed on February 20, 2015.

WHEREAS, the Parties desire to settle fully and finally Landrum's claims and the claims of the Pre-Adverse Action Notice Settlement Class because of factors such as the expense, risks, delays, and uncertainties of continued litigation.

WHEREAS, Landrum and Settlement Class Counsel have concluded that settlement on the terms stated in this Agreement is fair, reasonable, and adequate and in the best interests of the Pre-Adverse Action Notice Settlement Class.

WHEREAS, ETMC RHS denies the claims asserted against it in this Action, denies that the claims are appropriate for class certification other than for settlement purposes, and denies all allegations of wrongful conduct and liability, but has agreed to settlement on the terms stated in this Agreement in order to avoid the expense, risks, delays, and uncertainties of further litigation and to fully and finally resolve Landrum's claims and the claims of the Pre-Adverse Action

Notice Settlement Class.

NOW, THEREFORE, in consideration of these premises and the mutual promises contained herein, the receipt and sufficiency of which is hereby acknowledged, the Parties agree that the claims asserted by Landrum and the Pre-Adverse Action Notice Class shall be settled, compromised, and released on the terms set forth below, subject to the approval of the Court.

### DEFINITIONS

1. "Action or Litigation" means this action, *Jeffrey K. Landrum, for Himself and on Behalf of All Others Similarly Situated, v. East Texas Medical Center Regional Healthcare System*, Civil Action No. 4:14-cv-00848, filed on April 2, 2014 in the United States District Court for the Southern District of Texas, Houston Division.

2. "Final Fairness Hearing" means the hearing at which the Court will consider and finally decide whether to approve this settlement, enter a final approval order, and make such other rulings as are contemplated by this settlement.

3. "Notice of Proposed Class Action Settlement" means the form, approved by Settlement Class Counsel and ETMC RHS, subject to the Court's approval, which the Settlement Administrator will mail, via first class United States mail to each Pre-Adverse Action Notice Settlement Class Member to explain the terms of the settlement and related procedures.

4. "Parties" means Plaintiff Jeffrey K. Landrum, for Himself and on Behalf of All Others Similarly Situated and Defendant East Texas Medical Center Regional Healthcare System.

5. "Pre-Adverse Action Notice Settlement Class" means all prospective employees/applicants of ETMC RHS, East Texas Medical Center d/b/a East Texas Medical Center Emergency Medical Service ("ETMC EMS"), and non-EMS subsidiaries of ETMC RHS for whom the following occurred during the period from April 2, 2012 through August 31, 2014:

(a) the applicant did not receive notice that ETMC RHS, ETMC EMS, and non-EMS subsidiaries of ETMC RHS intended to take adverse employment action against such person based, in whole or in part, on information contained in a consumer report and/or (b) a copy of such report was not provided to the applicant in advance of taking adverse employment action.

6. "Pre-Adverse Action Notice Settlement Class Members" means those persons included in the Pre-Adverse Action Notice Settlement Class.

7. "Settlement Administrator" means Ashcraft Law Firm, 3850 Republic Center, 325 North St. Paul Street, Dallas, Texas 75201.

8. "Settlement Class Counsel" means Salar Ali Ahmed, Esq., Ali S. Ahmed, P.C., who represents Landrum and the Pre-Adverse Action Notice Settlement Class.

9. "Settlement Class Fund" means the $14,600.00 to be paid by ETMC RHS and/or East Texas Medical Center ("ETMC") and administered and distributed under this Agreement.

10. "Settlement Class Representative" means Plaintiff Jeffrey K. Landrum as representative for the Pre-Adverse Action Notice Settlement Class.

## SETTLEMENT CLASS FUND

11. Consideration/Settlement Class Fund. ETMC RHS and/or ETMC will pay the amount of $14,600.00 (which represents $200.00 per member of the Pre-Adverse Action Notice Settlement Class that is comprised of 73 persons, including Landrum), subject to the Court's approval pursuant to Federal Rule of Civil Procedure 23, in full and final settlement of all claims, known or unknown, which have been or could have been asserted by Landrum and/or the Pre-Adverse Action Notice Settlement Class relating in any way to any violation of the adverse action provisions of Section 1681b(b)(3)(A) of the FCRA; any failure to provide notice of the intention to take adverse employment action based, in whole or in part, on information contained in a consumer report; any failure to provide a consumer report prior to taking adverse employment

action; any failure to provide a description of the rights of consumers under the FCRA; and the employment actions taken regarding Landrum and the Pre-Adverse Action Notice Settlement Class, including without limitation all adverse action claims asserted in this Action. The Settlement Class Fund will be distributed on a pro rata basis to Pre-Adverse Action Notice Settlement Class Members who do not file a timely and valid written notice of intent to opt-out of the settlement.

12. <u>Timing of Payment and Distribution of Settlement Class Fund</u>. The Settlement Class Fund will be paid and distributed in accordance with Paragraphs 35 through 37 of this Agreement.

13. <u>Taxes</u>. The Parties agree each Pre-Adverse Action Notice Settlement Class Member will be solely responsible for the payment of any and all federal, state, or local taxes associated with this settlement amount.

### SERVICE PAYMENT

14. <u>Motion for Service Payment</u>. Settlement Class Counsel will apply to the Court for an award of a service payment to Landrum, as Settlement Class Representative, in the amount of $1,400.00. Settlement Class Counsel will file his unopposed motion for approval of such service payment with the Court no later than fourteen (14) days before the Final Fairness Hearing.

15. <u>Consideration/Service Payment to Landrum</u>. In addition to the $200.00 payment to Landrum from the Settlement Class Fund as a Pre-Adverse Action Notice Settlement Class Member, ETMC RHS and/or ETMC will pay Landrum a service payment of $1,400.00, subject to the Court's approval. ETMC RHS will not oppose or object to Settlement Class Counsel's application to the Court for an award of such service payment. The service payment of $1,400.00 to Landrum is separate from and in addition to the consideration paid to Pre-Adverse Action Notice Settlement Class Members. By signing this Agreement, the Parties affirm that Landrum's service payment of $1,400.00 was negotiated after the Parties had agreed on the amount of the

Settlement Class Fund ($200.00 per pre-Adverse Action Notice Settlement Class Member).

16.    Timing of Payment of Service Payment. The service payment will be paid and distributed in accordance with Paragraph 38 of this Agreement.

17.    Taxes. Landrum acknowledges and agrees he is solely responsible for the payment of any and all federal, state, or local taxes associated with this service payment.

### ATTORNEYS' FEES AND COSTS

18.    Attorneys' Fees to Settlement Class Counsel. Settlement Class Counsel will apply to the Court for an award of his attorneys' fees, costs, and expenses in the amount of $100,000.00 no later than fourteen (14) days before the Final Fairness Hearing. ETMC RHS will not oppose or object to Settlement Class Counsel's application to the Court for an award of this fixed sum for his attorneys' fees, costs, and expenses in this Action.

19.    Payment to Settlement Class Counsel. ETMC RHS and/or ETMC will pay Settlement Class Counsel (Ali S. Ahmed, P.C., Federal Tax ID No. 01-0569720) the agreed-upon sum of $100,000.00, which payment is in addition to the Settlement Class Fund, and no portion of such payment will be made from the Settlement Class Fund. By signing this Agreement, the Parties affirm that Settlement Class Counsel's attorneys' fees, costs, and expenses were negotiated after the Parties had agreed on the $14,600.00 amount of the Settlement Class Fund.

20.    Timing of Payment of Attorneys' Fees. The attorneys' fees, costs, and expenses will be paid and distributed to Settlement Class Counsel in accordance with Paragraph 39 of this Agreement.

### SETTLEMENT ADMINISTRATION

21.    Administration of Settlement. The costs associated with distribution of the notice of settlement to members of the Pre-Adverse Action Notice Settlement Class and with administration of the settlement will be borne by ETMC RHS and will not be paid out of the Settlement Class

Fund. Ashcraft Law Firm will be the Settlement Administrator.

## RELEASE OF CLAIMS

22.     <u>Release of Claims by Landrum</u>. Landrum agrees to release ETMC RHS, ETMC EMS, non-EMS subsidiaries of ETMC RHS, and their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, divisions, subsidiaries, affiliates, and all persons acting by, through, under, or in concert with them (collectively, "Released Parties") from all charges, complaints, claims, liabilities, obligations, promises, agreements, damages, actions, causes of action, suits, demands, losses, debts, and expenses (including attorneys' fees and costs), of any nature whatsoever, whether known or unknown, ("Claims") which Landrum now has, had, or may have had (or claims to have or held) against the Released Parties, including but not limited to, all claims that were or could have been brought by Landrum in this litigation, all claims under the FCRA and any parallel state or common law claims, all claims relating to the applications for employment made by Landrum, all claims relating to the disclosures and authorizations, all claims relating to the consumer report obtained on Landrum, and all claims relating to employment actions taken regarding Landrum.

23.     <u>Release of Claims by Settlement Class.</u> The Pre-Adverse Action Notice Settlement Class Members who have not timely and properly opted out of the settlement will release ETMC RHS, ETMC EMS, non-EMS subsidiaries of ETMC RHS, and all other Released Parties from all Claims of any nature whatsoever, whether known or unknown, that such member of the Pre-Adverse Action Notice Settlement Class now has, had, or may have had (or claims to have or held) against the Released Parties that were or could have been asserted in this litigation relating in any way to any violation of the adverse action provisions of Section 1681b(b)(3)(A) of the FCRA, including all claims relating to any failure to provide notice of the intention to take adverse employment action based, in whole or in part, on information contained in a consumer report; all

claims relating to any failure to provide a consumer report prior to taking adverse employment action; all claims relating to any failure to provide a description of the rights of consumers under the FCRA; all claims relating to the employment actions taken regarding the Pre-Adverse Action Notice Settlement Class; and all adverse action claims asserted in this lawsuit.

### NOTICE, OPT-OUT, AND OBJECTIONS

24.    Notice to Settlement Class Members. No later than fourteen (14) days after the Court has issued an order preliminarily approving this settlement, conditionally certifying the Pre-Adverse Action Notice Settlement Class, and approving of the method and content of notice to the Pre-Adverse Action Notice Settlement Class, the Settlement Administrator will send the Notice of Proposed Class Action Settlement approved by the Court to all Pre-Adverse Action Notice Settlement Class Members at their last known addresses reflected in ETMC RHC's records via first-class United States mail, postage prepaid. The Notice of Proposed Class Action Settlement will be in substantially the same form as Exhibit A appended to this Agreement.

25.    Notices Returned as Undeliverable. For the Notices of Class Action Settlement that are returned to the Settlement Administrator as undeliverable, the Settlement Administrator will conduct a second mailing, if possible. The Settlement Administrator will take reasonable steps to obtain updated mailing addresses for the affected Pre-Adverse Action Notice Settlement Class Members through the use of any publicly available databases or private databases selected by the Settlement Administrator or any other reasonable procedure that the Settlement Administrator may choose. The Settlement Administrator will cause the Notice of Proposed Class Action Settlement to be re-mailed as soon as reasonably practicable to the Pre-Adverse Action Notice Settlement Class Members who can be located.

26.    Exclusions/Opt-Outs. Pre-Adverse Action Notice Settlement Class Members may request to be excluded from, or to opt out of, the Pre-Adverse Action Notice Settlement Class by

sending, via first class United States mail, a written exclusion/opt-out statement to the Settlement Administrator at the address listed in the Notice of Proposed Class Action Settlement containing the person's name and address and stating that he or she elects to be excluded from, or to opt out of, the settlement. To be effective, the exclusion/opt-out statement must be postmarked on or before sixty (60) days after the date on which the Notice of Proposed Class Action Settlement is mailed to Pre-Adverse Action Notice Settlement Class Members. In no event shall Pre-Adverse Action Notice Settlement Class Members who purport to opt out of the settlement as a group, aggregate, or class involving more than one applicant/prospective employee constitute a valid opt-out. The Settlement Administrator will file with the Court, and serve on Settlement Class Counsel, the exclusion/opt-out statements no later than fourteen (14) days prior to the Final Fairness Hearing.

27. <u>Effect of Opting-Out</u>. The Pre-Adverse Action Notice Settlement Class will not include those persons who serve a timely, valid written exclusion/opt-out statement on the Settlement Administrator. Individuals who opt out are not entitled to any monetary payment under this Agreement. Pre-Adverse Action Notice Settlement Class Members who do not timely (as measured by the postmark on the person's exclusion/opt-out statement) opt out of the settlement by serving a written exclusion/opt-out statement on the Settlement Administrator containing the required information will remain a member of the Pre-Adverse Action Notice Settlement Class for purposes of the implementation of this settlement and will be bound by the terms of this settlement and by any Orders issued by the Court pertaining to the Pre-Adverse Action Notice Settlement Class or the settlement.

28. <u>Objections</u>. Pre-Adverse Action Notice Settlement Class Members who do not opt out or exclude themselves may object to the settlement by filing a written notice of objection with the Court and serving copies on such objection on Settlement Class Counsel and ETMC

RHS' counsel via first class United States mail postmarked no later than twenty-one (21) days before the Final Fairness Hearing. To be considered, the notice of objection must include the objector's full name, address, telephone number, and signature; the factual and legal grounds for his or her objections; whether he or she intends to appear at the Final Fairness Hearing on his or her own behalf or through an attorney; the names, addresses, and telephone numbers of witnesses whom he or she may call to testify at the Final Fairness Hearing; and any documents or other evidence supporting the objection. Pre-Adverse Action Notice Settlement Class Members who do not timely object in the specified manner will be deemed to have waived all objections and will be foreclosed from raising any objections to the settlement.

## SETTLEMENT APPROVAL

29. <u>Preliminary Settlement Approval</u>. Settlement Class Counsel will file with the Court the Parties' joint motion for preliminary approval, pursuant to Federal Rule of Civil Procedure 23, of the proposed settlement in this Agreement, in mutually acceptable form and content, by April 13, 2015. The Parties will request that the Court enter an order granting preliminary approval of the proposed settlement in substantially the same form as Exhibit B appended to this Agreement. As necessary, the Parties may modify, in mutually acceptable form and content, the Exhibits appended to this Agreement related to class notice and preliminary approval to conform to guidance, orders, findings, and rulings of the Court regarding the contents of such Exhibits.

30. <u>Notice Under CAFA</u>. Not later than ten (10) days after Landrum files the Parties' joint motion for preliminary approval containing this Agreement with the Court, ETMC RHS will serve the appropriate State officials of each State in which a Pre-Adverse Action Notice Settlement Class Member resides and the United States Attorney General for each such state with notice of the proposed settlement in accordance with the Class Action Fairness Act of 2005

("CAFA"), 28 U.S.C. § 1715. ETMC RHS will thereafter file a notice with the Court of ETMC RHS' compliance with CAFA's notification requirements.

31. <u>Final Fairness Hearing, Final Approval Order, and Judgment</u>. The Parties will file a joint motion for final approval and proposed final judgment, in mutually acceptable form and content, requesting that the Court conduct a Final Fairness Hearing, grant final approval of the settlement, and enter a final judgment. The Final Fairness Hearing will be conducted on a date that is more than ninety (90) days after ETMC RHS has issued the required CAFA notices.

32. <u>Class Certification for Settlement Purposes</u>. For the purposes of effectuating this settlement only, the Parties agree to jointly request that the Court certify the Pre-Adverse Action Notice Settlement Class. Nothing in this Agreement, the Parties' joint motion for preliminary approval, joint motion for final approval, or related documents implementing this settlement shall be construed as an admission by ETMC RHS or any of the Released Parties that class certification in this Litigation or any similar case is appropriate for trial purposes.

33. <u>Settlement Not Approved</u>. In the event any part of the settlement terms, including the terms specified above in Paragraphs 11, 15, 18, 19, and 21 of this Agreement are not fully approved by the Court, or the judgment does not become final, the Parties' settlement will be void; the Pre-Adverse Action Notice Settlement Class will be decertified without prejudice or inference regarding the appropriateness of class certification; and thereafter the issues of class certification will be decided *de novo*, and ETMC RHS is not precluded from challenging class certification or the merits of the Litigation.

### SETTLEMENT EFFECTIVE DATE

34. <u>Effective Date of Settlement</u>. Resolution of the disputes in this Action is subject to the requirements for and procedures applicable to settlement of class actions. The Parties' settlement will become effective when all steps necessary to the implementation of the settlement of this

Action have been completed and the Court's final approval order and judgment have become final. The settlement becomes effective on the first day after the date on which all of the following have occurred: (a) the Parties have executed this Agreement; (b) the Court has preliminarily approved this settlement; (c) notice of the proposed settlement has been given to the Pre-Adverse Action Notice Settlement Class; (d) the Court has held a Final Fairness Hearing, entered a judgment and order granting final approval of the settlement, awarded a service payment to Landrum, and awarded attorneys' fees and costs to Settlement Class Counsel; and (e) the final approval order and judgment have become final because no appeal of the final approval order or judgment has been filed and the time for filing an appeal has expired or, if any timely appeals have been filed, all such appeals are finally resolved with no possibility of further appellate review.

## PAYMENT AND DISTRIBUTION

35. <u>Payment to Settlement Class</u>. ETMC RHS will cause a check to be issued in the amount of $200.00 to each Pre-Adverse Action Notice Settlement Class Member who did not file a timely and valid written notice to opt out of the settlement for his or her pro rata share of the Settlement Class Fund. The Settlement Administrator will mail settlement checks to such Pre-Adverse Action Notice Settlement Class Members at their last known addresses via first-class United States mail, postmarked within fourteen (14) days after the Court's judgment approving the settlement of this Action becomes final. Payment of the $200.00 amount to Landrum as a Pre-Adverse Action Notice Settlement Class Member will be timely delivered to Settlement Class Counsel at Ali S. Ahmed, P.C., 7322 Southwest Freeway, Suite 1920, Houston, Texas 77074.

36. <u>Settlement Checks Uncashed or Returned as Undeliverable</u>. All settlement checks will expire 180 days after they are issued. ETMC RHS will have no further obligations to Pre-Adverse Action Notice Settlement Class Members upon distribution of the Settlement Class

Fund regardless of whether settlement checks are received, returned, or cashed. If any such payment is returned by the United States Postal Service as undeliverable or is not cashed or negotiated before the expiration date, neither ETMC RHS nor the Settlement Administrator will have any further obligations to any Pre-Adverse Action Notice Settlement Class Member except that if a settlement check is returned by the United States Postal Service with a forwarding address before the expiration date of the check, the Settlement Administrator will mail the check to the Pre-Adverse Action Notice Settlement Class Member at the forwarding address provided.

37. <u>Cy Pres</u>. In the event that settlement checks mailed to Pre-Adverse Action Notice Settlement Class Members are undeliverable and/or are not cashed or negotiated within 180 days after the Court's judgment approving the settlement of this Action becomes final, the remaining, uncashed, undistributed amount of the Settlement Class Fund will be paid by ETMC RHS and/or ETMC as a donation to an appropriate charitable organization mutually selected by the Parties and approved by the Court.

38. <u>Payment to Landrum</u>. ETMC RHS will cause a check in the amount of $1,400.00 for a service payment to Landrum to be delivered to Settlement Class Counsel at Ali S. Ahmed, P.C., 7322 Southwest Freeway, Suite 1920, Houston, Texas 77074, no later than fourteen (14) days after the Court's judgment approving the settlement of this Action becomes final.

39. <u>Payment to Settlement Class Counsel</u>. ETMC RHS will cause a check in the amount of $100,000.00 for attorneys' fees, costs, and expenses to be delivered to Settlement Class Counsel at Ali S. Ahmed, P.C., 7322 Southwest Freeway, Suite 1920, Houston, Texas 77074, no later than fourteen (14) days after the Court's judgment approving the settlement of this Action becomes final.

## DISMISSAL OF LITIGATION

40. <u>Disposition of Litigation</u>. ETMC RHS' agreement to resolve this dispute is subject

to the execution of this Agreement approved by the Court and dismissal of the Litigation. The Parties agree that Landrum's disclosure and authorization claims, adverse action notice claims, and any and all of Landrum's other claims, known or unknown, will be dismissed with prejudice. The Parties further agree that the adverse action notice claims of the Pre-Adverse Action Notice Settlement Class will be dismissed with prejudice. The disclosure and authorization claims of all members of the Pre-Adverse Action Notice Settlement Class other than Landrum and of all employees and prospective employees who are not members of the Pre-Adverse Action Notice Settlement Class will be dismissed without prejudice.

## ADDITIONAL PROVISIONS

41. **No Admission of Liability**. The Parties agree that this is a compromise of disputed claims and that no provision in this Agreement or in other documents or actions taken to implement this settlement constitute an admission of liability by ETMC RHS, ETMC, ETMC EMS, or any other Released Party.

42. **Confidentiality.** Landrum and Settlement Class Counsel will not issue or cause to be issued any press releases, statements to any media source, other public comments, or their equivalent and will not conduct or participate in any press conferences regarding the resolution of this case, the settlement terms, or any accusation of wrongful conduct.

43. **Reapplication/Employment**. Landrum will not apply for or otherwise seek employment with or become employed by ETMC RHS, ETMC EMS, or any of their divisions, subsidiaries, or affiliates at any time hereafter.

44. **Assignment**. Landrum represents that he has not heretofore assigned, pledged or transferred, or purported to assign, pledge or transfer, to any person or entity, any claim or any portion thereof or interest therein, which could be asserted against ETMC RHS, ETMC EMS, or any other Released Party.

45. <u>Binding Agreement</u>. This Agreement shall be binding on Landrum and all Pre-Adverse Action Notice Settlement Class Members who do not file a timely and valid written notice of intent to opt-out of the settlement, and their respective heirs, administrators, executors, representatives, trustees, successors, and assigns, and shall inure to the benefit of ETMC RHS and the other Released Parties, as well as to their respective, heirs, administrators, representatives, trustees, successors, and assigns.

46. <u>Construction</u>. The Parties agree that the terms of this Agreement are the result of arm's-length negotiations between the Parties. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either of the Parties.

47. <u>Severability</u>. Subject to Paragraph 33, the provisions of this Agreement are severable. Should any part, term, or provision of this Agreement be declared or determined by any court to be illegal, invalid, or inoperative, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal, invalid, or inoperable part, term, or provision shall be deemed not to be a part of this Agreement.

48. <u>Entire Agreement</u>. This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements, representations, or understandings, between the Parties pertaining to the subject matter hereof.

49. <u>Representation by Counsel/Review and Understanding of Agreement</u>. Landrum acknowledges that he has been represented and advised by counsel of his choice, or has had the opportunity to be represented and advised by counsel of his choice, in connection with this Agreement, and that he fully understands his right to discuss any and all aspects of this Agreement with an attorney. Landrum further represents that he understands all provisions of this Agreement as well as its final and binding effect and that he is entering into this Agreement voluntarily.

Executed at Houston, Texas on the  11  day of  Apr. 1  2015.

_____
Jeffrey K. Landrum, Individually and on Behalf of the Pre-Adverse Action Notice Settlement Class

SUBSCRIBED AND SWORN TO BEFORE ME on the 11th day of April 2015, to certify which witness my hand and seal of office.

[Notary seal: BRENDA N AMAYA, My Commission Expires April 4, 2016]

_____
Notary Public in and for the State of Texas

My Commission Expires:

April 4, 2016.

Executed at Tyler, Texas on the  14  day of  April  2015.

EAST TEXAS MEDICAL CENTER
REGIONAL HEALTHCARE SYSTEM

By: _____
David Langston
Authorized Representative for East Texas Medical Center Regional Healthcare System

SUBSCRIBED AND SWORN TO BEFORE ME on the 14th day of April 2015, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

My Commission Expires:

1-7-2016

[Notary seal: JAMIE MCFARLAND, MY COMMISSION EXPIRES January 7, 2016]