IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY K. LANDRUM, FOR HIMSELF AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:14-cv-00848 |
| EAST TEXAS MEDICAL CENTER REGIONAL HEALTHCARE SYSTEM, | § § § § | |
| Defendant. | § § | |

**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL
OF PROPOSED SETTLEMENT AND FINAL JUDGMENT**

BEFORE THE COURT is the Joint Motion for Final Approval of Proposed Settlement submitted by Plaintiff Jeffrey K. Landrum ("Landrum"), for Himself and on Behalf of All Others Similarly Situated, and Defendant East Texas Medical Center Regional Healthcare System ("ETMC RHS") pursuant to Federal Rule of Civil Procedure 23 (Docket Entry No. 42). A Final Fairness Hearing was held on August 25, 2015. The Court, having considered the Motion, the submissions of the parties relating to the proposed settlement, the arguments of counsel at the Final Fairness Hearing as well as the pleadings and papers on file herein, is of the opinion that such Motion should be granted. It is therefore

ORDERED that the Joint Motion for Final Approval of Proposed Settlement is GRANTED. Accordingly, it is further ORDERED as follows, and the Court makes the findings set forth below:

1. <u>Settlement Agreement</u>. The Agreement and General Release ("Agreement"), which was submitted with the parties' Joint Motion for Preliminary Approval of Proposed Settlement, Conditional Certification of Settlement Class, and Approval of Proposed Notice to Settlement Class ("Joint Motion for Preliminary Approval of Proposed Settlement"); the Exhibits to the Agreement;

and the definitions of words and terms contained in the Agreement are incorporated in this Order.

2. <u>Preliminary Approval Order</u>. On May 5, 2015, the Court entered an Order Granting Joint Motion for Preliminary Approval of Proposed Settlement, Conditional Certification of Settlement Class, and Approval of Proposed Notice to Settlement Class ("Preliminary Approval Order"). The Agreement was preliminarily approved pending the Final Fairness Hearing. The Court also (a) conditionally certified the Pre-Adverse Action Notice Settlement Class for settlement purposes only; (b) approved the form of and method of distribution of the Notice of Proposed Class Action Settlement to the Pre-Adverse Action Notice Settlement Class; (c) appointed Landrum as Settlement Class Representative for the Pre-Adverse Action Notice Settlement Class; (d) appointed Salar Ali Ahmed, Esq. and his firm, Ali S. Ahmed, P.C., as Settlement Class Counsel; and (e) appointed Ashcraft Law Firm as the Settlement Administrator. The terms of and findings made in the Preliminary Approval Order are adopted and incorporated in this Order.

3. <u>Final Class Certification for Settlement Purposes</u>. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court finally certifies, for settlement purposes only, the following Pre-Adverse Action Notice Settlement Class:

> All prospective employees/applicants of ETMC RHS, East Texas Medical Center d/b/a East Texas Medical Center Emergency Medical Service ("ETMC EMS"), and non-EMS subsidiaries of ETMC RHS for whom the following occurred during the period from April 2, 2012 through August 31, 2014: (a) the applicant did not receive notice that ETMC RHS, ETMC EMS, and non-EMS subsidiaries of ETMC RHS intended to take adverse employment action against such person based, in whole or in part, on information contained in a consumer report and/or (b) a copy of such report was not provided to the applicant in advance of taking adverse employment action.

4. <u>Prerequisites for Class Action</u>. Solely for the purposes of settlement, the Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) are satisfied for the following reasons:

(a) The Pre-Adverse Action Notice Settlement Class is so numerous that joinder of all members is impracticable. The Pre-Adverse Action Notice Settlement Class consists of 73 members.

(b) There are questions of law or fact common to the Pre-Adverse Action Notice Settlement Class for purposes of determining that the proposed settlement between the parties should be approved.

(c) The Settlement Class Representative's claims for alleged violation of the adverse action provision of the Fair Credit Reporting Act ("FCRA") are typical of the claims of the Pre-Adverse Action Notice Settlement Class.

(d) Landrum, as Settlement Class Representative, has fairly and adequately protected the interests of the Pre-Adverse Action Notice Settlement Class Members for purposes of settlement.

(e) Settlement Class Counsel, Salar Ali Ahmed, Esq., and his firm, Ali S. Ahmed, P.C., have fairly and adequately protected the interest of the Pre-Adverse Action Notice Settlement Class Counsel for purposes of settlement.

5. <u>Rule 23(b)(3) Class Action</u>. The Court finds, for settlement purposes, that this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because:

(a) Common questions of law and fact predominate over questions affecting only individual persons in the Pre-Adverse Action Notice Settlement Class.

(b) Certification of the Pre-Adverse Action Notice Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Pre-Adverse Action Notice Settlement Class.

6. <u>Notice of Proposed Class Action Settlement</u>. Pursuant to the Preliminary Approval Order and the Agreement, the Notice of Proposed Class Action Settlement was mailed to the Pre-

Adverse Action Notice Settlement Class. The Court finds that the form, content, and method for notifying the Pre-Adverse Action Notice Settlement Class comply with the Preliminary Approval Order, meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and all due process requirements, is the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled to notice. The Court further finds that the Settlement Administrator, Ashcraft Law Firm, has complied with the Preliminary Approval Order and with the requirements of and procedures under the Agreement for distribution of the Notice of Proposed Class Action Settlement to the Pre-Adverse Action Notice Settlement Class.

7. <u>Notice Under CAFA</u>. ETMC RHS timely served notices of the proposed settlement on the United States Attorney General and Attorneys General for the States in which members of the Pre-Adverse Action Notice Settlement Class reside pursuant to the Class Action Fairness Act ("CAFA") of 2005, 28 U.S.C. § 1715. The Court finds that ETMC RHS' notification of the proposed settlement fully complies with the requirements of CAFA.

8. <u>Exclusions</u>. The Pre-Adverse Action Notice Settlement Class Members were notified in the Notice of Proposed Class Action Settlement of their opportunity to request to be excluded from, or to opt out of, the Pre-Adverse Action Notice Settlement Class. None of the Pre-Adverse Action Notice Settlement Class Members submitted written exclusion/opt-out statements to the Settlement Administrator.

9. <u>Objections to Settlement</u>. The Pre-Adverse Action Notice Settlement Class Members were also notified in the Notice of Proposed Class Action Settlement of their opportunity to object to the settlement by filing written objections with the Court. No objections were submitted by Pre-Adverse Action Notice Settlement Class Members.

10. <u>Final Approval of Settlement and Agreement</u>. The Court finally approves the proposed settlement and the Agreement submitted with the parties' Joint Motion for Preliminary

Approval of Proposed Settlement. The Court finds that settlement on the terms set forth in the Agreement is fair, reasonable, and adequate and that such settlement is, in all respects, in the best interests of the Pre-Adverse Action Notice Settlement Class. Factors considered to assess the fairness, reasonableness, and adequacy of a class action settlement warrant final approval of the settlement and Agreement. The Court further finds that the settlement set forth in the Agreement resulted from arm's length negotiations. The parties are ordered to consummate the Agreement in accordance with the terms and provisions of the Agreement.

11. <u>Payment to Settlement Class.</u> ETMC RHS shall cause checks to be issued in the amount of $200.00 per member to Pre-Adverse Action Notice Settlement Class Members who did not submit a timely and valid written notice to opt out of the settlement as payment for their pro-rata share of the Settlement Class Fund. The Settlement Administrator shall mail settlement checks to Pre-Adverse Action Notice Settlement Class Members at their last known addresses via first class United States mail, postmarked within 14 days after the Court's Judgment approving the settlement of this Action becomes final.

12. <u>Cy Pres</u>. Any amount remaining in the Settlement Class Fund after distribution of payment to the Pre-Adverse Action Notice Settlement Class shall be paid by ETMC RHS and/or East Texas Medical Center ("ETMC") as a charitable donation to The Salvation Army of Tyler.

13. <u>Service Payment to Landrum</u>. At the Final Fairness Hearing, Landrum applied for an award of a service payment as Settlement Class Representative in the amount of $1,400.00. Landrum's request for service payment is granted. The Court awards Landrum a service payment of $1,400.00. In accordance with the Agreement, ETMC RHS shall cause a check in the amount of $1,400.00 for the service payment to Landrum to be delivered to Settlement Class Counsel at Ali S. Ahmed, P.C., 7322 Southwest Freeway, Suite 1920, Houston, Texas 77074, no later than 14 days after the Court's Judgment approving the settlement becomes final.

14. <u>Attorneys' Fees to Settlement Class Counsel</u>. At the Final Fairness Hearing, Settlement Class Counsel, Ali S. Ahmed, Esq., applied for an award of his attorneys' fees, costs, and expenses incurred in this Action in the amount of $100,000.00. Settlement Class Counsel's request for attorney's fees, costs and expenses is granted. The Court awards $100,000.00 to Settlement Class Counsel for attorneys' fees, costs, and expenses incurred in this Action. In accordance with the Agreement, ETMC RHS shall cause a check in the amount of $100,000.00 for attorneys' fees, costs, and expenses to be delivered to Settlement Class Counsel at Ali S. Ahmed, P.C., 7322 Southwest Freeway, Suite 1920, Houston, Texas 77074, no later than 14 days after the Court's Judgment approving the settlement becomes final.

15. <u>Release of Claims by Landrum</u>. By the Agreement, this Order, and the Judgment, Landrum has released ETMC RHS, ETMC EMS, non-EMS subsidiaries of ETMC RHS, and their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, divisions, subsidiaries, affiliates, and all persons acting by, through, under, or in concert with them (collectively, "Released Parties") from all charges, complaints, claims, liabilities, obligations, promises, agreements, damages, actions, causes of action, suits, demands, losses, debts, and expenses (including attorneys' fees and costs), of any nature whatsoever, whether known or unknown, ("Claims") which Landrum now has, had, or may have had (or claims to have or held) against the Released Parties, including but not limited to, all claims that were or could have been brought by Landrum in this litigation, all claims under the FCRA and any parallel state or common law claims, all claims relating to the applications for employment made by Landrum, all claims relating to the disclosures and authorizations, all claims relating to the consumer report obtained on Landrum, and all claims relating to employment actions taken regarding Landrum.

ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL
OF PROPOSED SETTLEMENT AND FINAL JUDGMENT – Page 6

16. <u>Release of Claims by Settlement Class.</u> By the Agreement, this Order, and the Judgment, the Pre-Adverse Action Notice Settlement Class Members who did not timely and properly opt out of the settlement have released ETMC RHS, ETMC EMS, non-EMS subsidiaries of ETMC RHS, and all other Released Parties from all Claims of any nature whatsoever, whether known or unknown, that such member of the Pre-Adverse Action Notice Settlement Class now has, had, or may have had (or claims to have or held) against the Released Parties that were or could have been asserted in this litigation relating in any way to any violation of the adverse action provisions of Section 1681b(b)(3)(A) of the FCRA, including all claims relating to any failure to provide notice of the intention to take adverse employment action based, in whole or in part, on information contained in a consumer report; all claims relating to any failure to provide a consumer report prior to taking adverse employment action; all claims relating to any failure to provide a description of the rights of consumers under the FCRA; all claims relating to the employment actions taken regarding the Pre-Adverse Action Notice Settlement Class; and all adverse action claims asserted in this lawsuit.

17. <u>Dismissal of Claims.</u> The Court dismisses with prejudice Landrum's disclosure and authorization claims, adverse action notice claims, and any and all of Landrum's other claims, known or unknown. The Court also dismisses with prejudice the adverse action notice claims of the Pre-Adverse Action Notice Settlement Class. The disclosure and authorization claims of all members of the Pre-Adverse Action Notice Settlement Class other than Landrum and of all employees and prospective employees who are not members of the Pre-Adverse Action Notice Settlement Class are hereby dismissed without prejudice.

18. <u>Binding Effect of Agreement, Order, and Judgment.</u> The Agreement, this Order, and the Judgment are binding on Landrum and all Pre-Adverse Action Notice Settlement Class Members who have not submitted a timely and valid written notice of intent to opt-out of the

settlement, and their respective heirs, administrators, executors, representatives, trustees, successors, and assigns, and shall inure to the benefit of ETMC RHS and the other Released Parties, as well as to their respective, heirs, administrators, representatives, trustees, successors, and assigns.

19.     Jurisdiction.  Without affecting the finality of the Judgment in any way, the Court retains jurisdiction of matters relating to this Order and the administration, interpretation, consummation, and enforcement of the Agreement.

20.     This is a final judgment.

SIGNED at Houston, Texas, on the 31st day of August, 2015.

_____
HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE